UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-02456-RGK-AS | Date | October 20, 2025 |
|---|---|---|---|
| Title | *Anthony Shields v. Walmart Inc. et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:**   (IN CHAMBERS) Order to Show Cause Re: Notice of Removal [1]

On July 21, 2025, Anthony Shields ("Plaintiff") filed a Complaint against Walmart Inc. ("Defendant") alleging various employment-related violations of California law. (ECF No. 1-1.) On September 18, 2025, Defendant removed the action to this Court on the basis of diversity jurisdiction. (ECF No. 1.) Upon review of Defendant's Notice of Removal, the Court ordered Defendant to show cause in writing that the amount in controversy is satisfied. (ECF No. 13.) On October 17, 2025, Defendant submitted its Response. (ECF No. 14.) For the following reasons, the Court **REMANDS** the action to state court for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the amount in controversy exceeds $75,000. After a plaintiff files an action in state court, the defendant attempting to remove the action bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

Courts must "strictly construe the removal statute against removal jurisdiction" and remand an action "if there is any doubt as to the right of removal in the first instance." *Id.* at 566. However, "[w]hen a notice of removal plausibly alleges a basis for federal court jurisdiction, a district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied." *Arias v. Residence Inn*, 936 F.3d 920, 924 (9th Cir. 2019). "A shortcoming in a notice of removal concerning the amount in controversy is not jurisdictional . . . until the movant has an opportunity to correct any perceived deficiency in the notice," and the notice need not in and of itself prove that the district court has jurisdiction. *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-02456-RGK-AS | Date | October 20, 2025 |
|---|---|---|---|
| Title | *Anthony Shields v. Walmart Inc. et al* | | |

Here, Plaintiff seeks compensatory damages, attorneys' fees, and punitive damages. Since Plaintiff's employment was terminated on February 11, 2025, Defendant acknowledges Plaintiff's alleged lost earnings amount to approximately $19,858.24, well short of the jurisdictional requirement.[1] In its Response to the Order to Show Cause, Defendant inflates this figure (like it did in its Notice of Removal, which prompted the Court's Order to Show Cause) by presuming this case will go to trial within one year and suggesting Plaintiff will be seeking 83 weeks of lost wages and benefits, for a total amount of $52,463.47. (Response at 2.) Defendant also points to Plaintiff's claims for emotional distress damages, punitive damages, and attorney's fees to make up the difference.

Defendant's estimate of the amount in controversy is speculative and based on unsupported assumptions, including that this case will take a year to go to trial. Defendant also does not provide any support for its estimates for emotional distress damages, punitive damages, and attorney's fees, merely assuming that awards in other employment cases are comparable.

Accordingly, the Court finds that Defendant has not satisfied its burden of plausibly alleging that the amount in controversy meets the jurisdictional requirement. The Court **REMANDS** the action to state court for all further proceedings in turn.

**IT IS SO ORDERED.**

cc: Riverside Superior Court, CVRI2504209

|  | : |
|---|---|
| Initials of Preparer | JRE/gz |

---

[1] According to Defendant, Plaintiff earned approximately $632 per week ($20.39 per hour, thirty-one hours per week). As of the date of the Notice of Removal, approximately thirty-one weeks and two days have passed since Plaintiff's employment was terminated on February 11, 2025. Thus, the lost wages are approximately $19,858.24 (thirty-one weeks at $632 per week [$19,592] + two eight-hour days at $163.12 per day [$326.24]).